IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PHILLIP WALLS,                      )
                                    )
     Plaintiff,                     )
                                    )
v.                                  )    No. 05-2226 Ma/P
                                    )
MICHAEL J. ASTRUE, COMMISSIONER     )
OF SOCIAL SECURITY,                 )
                                    )
     Defendant.                     )

_____

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO APPROVE ATTORNEY FEES**
_____

Before the court by order of reference is plaintiff Phillip Walls' Motion to Approve Attorney Fees Under 42 U.S.C. § 406(b), filed on March 26, 2008. (D.E. 6). Defendant Michael J. Astrue, Commissioner of Social Security, did not file a response to the motion. For the reasons below, the motion is GRANTED in part.

**I. BACKGROUND**

Walls seeks an award of attorney's fees totaling $27,253.50, as a prevailing party under the Social Security Act ("SSA"), 42 U.S.C. § 406(b), to cover the cost of pursuing judicial review of a decision by the Commissioner denying his claim for disability benefits under Title II of the Social Security Act. Walls' attorney has already been awarded $5,300.00 in attorney's fees from the Social Security Administration for services performed at the

administrative level. The Social Security Administration is currently withholding $21,953.50 from Walls' past-due benefits until such time that the court determines what amount, if any, Walls' counsel should be paid for services performed in connection with the federal proceedings.

Walls and his attorney entered a contingency fee agreement which provided that his attorney would receive 25% of Walls' past due benefits if the Social Security Administration decided his claim favorably. Walls argues that he is entitled to attorney's fees for services rendered by his attorney at the administrative level and before the federal court, totaling fifty four hours and equaling $27,253.50,[1] or 25% of the total amount of past due benefits in the amount of $109,014.00.

## II. ANALYSIS

Section 406 of the Social Security Act states that

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1]The court notes that the Social Security Administration stated in a letter to Walls' attorney that it was withholding $21,953.50 as 25% of past due benefits minus the $5,300.00 already awarded for services rendered at the administrative level. The Social Security Administration generally withholds 25% of past-due benefits for the potential payment of attorney's fees when awarding past due benefits. Droke v. Barnhart, No. 02-1284-T/An, 2005 WL 2174397, at *1 (W.D. Tenn. Sept. 6, 2005).

42. U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). In determining an award of attorney's fees under the SSA, courts should look first at the contingency fee agreement, and then test it for reasonableness. Droke, 2005 WL 2174397, at *1; see Gisbrecht, 535 U.S. at 808. A reduction in the fee may be justified based on "the character of the representation and the results the representation achieved." Gisbrecht, 535 U.S. at 808; see also Droke, 2005 WL 2174397, at *1. Courts may reduce the fee award when, among other things, representation was substandard, benefits are large in comparison to the amount of time counsel spent on the case, counsel is responsible for delay, and the award would amount to a windfall to counsel. Gisbrecht, 535 U.S. at 808; Morrison v. Comm'r of Soc. Sec., No. 1:04-CV-454, 2008 WL 828863, at *2 (W.D. Mich. March 26, 2008). Further, "[a]lthough a fee petition may be within the twenty-five percent (25%) statutory maximum, the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable. . . ." Lavender v. Califano, 683 F.2d 133, 134-35 (6th Cir. 1982). Most courts, however, are "deferential to the terms of the contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." Droke, 2005 WL 2174397, at

*1 (quoting <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)).  Thus, courts have approved attorney's fees under Section 406 that amount to very large hourly rates.  See <u>Droke</u>, 2005 WL 2174397, at *1 (approving effective hourly rate of $830.82 and listing cases).

Although Walls' attorney is seeking fees for fifty four total hours of legal services, at most only 12.75 of those hours were spent litigating the appeal in federal court.  "[E]ach tribunal may award fees only for the work done before it."  <u>Horenstein v. Sec'y of Health and Human Servs.</u>, 35 F.3d 261, 262 (6th Cir. 1994). "[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee . . . for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable *for the work performed on remand and prior administrative proceedings*."  <u>Id.</u> at 262 (emphasis added). As the court explained in <u>Morrison</u>,

> As an initial matter, the parties dispute whether § 406(b)(1)(A) authorizes the award of attorney fees for an attorney's work performed in both the administrative appeal and the judicial appeal.  Plaintiff's counsel contends that this court may award attorney fees for work performed before both the administrative agency and the court.  On the other hand, the Commissioner contends that the court may award attorney fees only for work performed in the court.
>
> The Sixth Circuit answered this question in <u>Horenstein v. Secretary of Health and Human Services</u>, 35 F.3d 261 (6th Cir. 1994) (en banc), when it concluded that "each tribunal may award fees only for the work done before it."  The Sixth Circuit's en banc panel in <u>Horenstein</u> explicitly overruled the "single tribunal

> rule" announced in Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972), i.e., that the tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee. Horenstein, 35 F.3d at 262. Accordingly, counsel's motion for fees is limited to the work his attorney performed in this court.

Morrison, 2008 WL 828863, at *2; see also Pritchett v. Comm'r of Soc. Sec., No. 04-74650, 2005 WL 1566651, at *6 (E.D. Mich. July 6, 2005); Picha v. Chater, No. 94 C 2832, 1996 WL 501566, at *1 (N.D. Ill. Aug. 28, 1996).

In the present case, after Walls filed his complaint, the Commissioner filed a motion to remand pursuant to Sentence Six of 42 U.S.C. § 405(g), and a favorable decision was issued by the Commissioner on remand. Thus, the work performed by Walls' attorney in federal court was very limited. In fact, the docket reflects that Walls' only court filings were the complaint and the petition for attorney's fees. The court has reviewed the billing records attached to the fee petition, and concludes that the hours attributable to counsel's work in court, including discussions with Walls regarding filing a complaint in federal court, preparing and filing the complaint, discussing the motion to remand with the court, the United States Attorney, and Walls, and preparing the fee petition, total 12.75 hours. Thus, by multiplying counsel's hourly rate of $175.00 by 12.75 hours,[2] Wall's counsel should be awarded

---

[2]In his affidavit, Walls' counsel states that his minimum non-contingency fee hourly rate for the period of 2001 to 2007 was $150.00 to $200.00 per hour. Counsel performed his work on the

$2,231.25, which the courts finds to be a reasonable fee for his legal services provided in connection with his work in federal court.[3]

### III.  CONCLUSION

For the reasons above, the motion is GRANTED in part. Walls' counsel is hereby awarded $2,231.25 in fees. Further, because the $5,300.00 awarded by the Commissioner was for services performed at the administrative level, this amount should not be subtracted from the fee award for services performed in federal court. Finally, Walls' counsel shall be permitted to petition the Social Security Administration for the balance of the fees currently being withheld.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 1, 2008
Date

---

federal case during the early part of 2005, and therefore the court has used the hourly rate of $175.00 to calculate counsel's fees.

[3] To state the obvious, an award of $27,253.50 for 12.75 hours of work would be excessive.